Reversed and remanded.

ISAAC E. WADE's ADM'R v. JOHN WORK AND ANOTHER.

Where defendant pleaded a discharge in bankruptcy by the Chief Justice of Galveston county, and on the trial offered in evidence a copy of the discharge, duly certified by the Clerk of the County Court of said county, and made affidavit that the original discharge was either lost, mislaid or among the record in the District Court of another county, and if there, he is advised that he could not get withdrawn the same, without an order of Court for that purpose, it was held that the affidavit was not sufficient, and that the copy was properly excluded.

Appeal from Tyler. Action by appellees against appellant. Plea of discharge in bankruptcy under our statute, in Galveston county. On the trial defendant made affidavit that "his "original discharge in bankruptcy was either lost, mislaid or "among the record in the District Court of Liberty county, "and that if there, he is advised that he could not get with- "drawn the same without an order of Court for that purpose, "and offered in evidence a copy of the original discharge duly "certified by the Clerk of the County Court of Galveston "county." The discharge was ruled out and defendant excepted.

Wade v. Work.

*H. N. & M. M. Potter*, for appellant.

*G. A. Jones*, for appellee.

WHEELER, J. The statute (Hart. Dig. Art. 96) provides that upon affidavit of the loss of the original discharge, a certified copy shall be of equal force. But the party did not make affidavit of the loss of the original; but only that it was either lost, or mislaid, or in another county, where, if it was, he was advised it could not be obtained without an order of Court. It is clear that the affidavit was not such a compliance with the statute as would authorize the admission of the copy in evidence under its provision. On general principles, to lay a foundation for the introduction of secondary evidence, it must appear, either that the primary evidence is beyond the reach of the party, so that any search for or attempt to obtain it would be unavailing; or that there has been some search, or diligence used to obtain the latter evidence. Neither appears in the present case, and the Court therefore very properly excluded the proposed copy. The judgment is affirmed.

Judgment affirmed.